The People of Puerto Rico, Plaintiff and Appellee, v. José Santana, Defendant and Appellant.

No. 7679. Argued May 29, 1939.—Decided July 5, 1939.

232

*C. H. Juliá,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for The People, appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

José Santana was accused of a violation of Section 11 of Act No. 67 of 1934, (Laws, p. 458). On the day set for trial the defendant appeared personally. Immediately before the commencement of the trial the following incident ensued:

"On January 20, 1938 and after a previous setting on the criminal docket of this court, this case was called for trial, The People of Puerto Rico appearing through Hon. Domingo Massari, District Attorney. The defendant appeared in person.

"Judge: Are the parties ready?

"District Attorney: We are ready Your Honor.

"Attorney Juan Ramírez Viñas: Your Honor, on behalf of attorney Carlos H. Juliá, we pray for the continuance of this case due to the fact that the defendant engaged the professional services of my colleague Juliá, has paid his fees, and said attorney is ill in bed, according to this medical certificate which we now offer in evidence and he will not be able to attend to court on this day.

"Judge: The court overrules the motion for a continuance and grants the defendant ten minutes in order that he may get an attorney for his defense.

"Attorney Ramírez Viñas: Your Honor, we are going to incorporate this medical certificate to the record.

"Judge: Yes, of course.

(Recess)

"Judge: Proceed with the arraignment.

(The clerk arraigns the defendant.)

"Judge: What is the defendant's plea? Are you guilty or innocent?

"Defendant: Innocent."

Immediately following, the hearing of the case was begun. The defendant was not represented by counsel nor does it appear from the record that the trial judge informed him of that right nor that he offered to appoint one in case that the defendant lacked the means to engage his own.

The trial was thus held, finally culminating in a conviction and a sentence of two years in jail without imposition of costs.

The defendant appealed to this Court assigning among others, the commission by the trial court of the following errors:

"The lower court committed manifest error in not furnishing the defendant sufficient time to prepare his defense and get ready for trial;" and

"The lower court erred in holding the trial when the defendant had no assistance of counsel."

■■ We entertain no doubt that the period of ten minutes which the court granted defendant so that he could engage an attorney for his defense in order to be ready for trial in such a short lapse of time was not a reasonable period and it was equivalent to depriving him of his right to be assisted by counsel, especially considering that the offense charged, notwithstanding that it is classified as a misdemeanor, is punishable with a maximum penalty of twenty years in jail. The defendant not having been informed of his right to be assisted by counsel, nor the court having offered to appoint one if he lacked the means to engage his own, the constitutional rights guaranteed to every

234

accused by Section 2 of our Organic Act was violated. See·
*Ex parte Hernández Laureano,* 54 P.R.R. 396, and *Johnson
v. Zerbst,* 304 U. S. 458.

For the foregoing reasons the judgment appealed from
must be reversed and the case remanded to the lower court
for further proceedings not inconsistent with this opinion.

Mr. Justice Travieso took no part in the decision of this
case.